J-S51033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE MANUEL CASTILLO, | |
| Appellant | No. 3236 EDA 2015 |

Appeal from the PCRA Order October 8, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0000062-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED AUGUST 09, 2016**

Appellant, Jose Manuel Castillo, appeals *pro se* from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following facts and procedural history from the PCRA court's September 17, 2015 order, and our independent review of the certified record.  On October 14, 2011, Appellant entered an open guilty plea[1] to the charge of murder of the third degree, and a *nolo contendere* plea to theft by unlawful taking.  The charges arose from Appellant's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the docket reflects that Appellant entered a negotiated plea, the length of Appellant's sentence remained open.  (**See** N.T. Guilty Plea Hearing, 10/14/11, at 31).

November 17, 2009 actions in striking his "friend" in the head with a brick, thereby causing his death, and then allegedly robbing him of approximately $1,250.00. (N.T. Guilty Plea Hearing, 10/14/11, at 8; *see id.* at 26). The court sentenced Appellant on December 19, 2011, to an aggregate term of incarceration of not less than twenty nor more than forty years, plus $1,250.00 restitution. (*See* N.T. Sentencing, 12/19/11, at 39-40). Appellant did not file a direct appeal.

On June 12, 2012, Appellant filed a timely *pro se* first PCRA petition. The court appointed counsel who filed a motion to withdraw on September 14, 2012. Appellant filed a *pro se* response to the motion to withdraw on September 27, 2012. On November 30, 2012, after a hearing, the PCRA court granted counsel's motion to withdraw, and denied Appellant's petition. On December 11, 2013, Appellant filed an appeal of the PCRA court's order, which this Court quashed as untimely on April 30, 2014.

On August 25, 2015, Appellant filed the instant, second PCRA petition *pro se*. On September 17, 2015, the court provided Appellant with Rule 907 notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant responded *pro se* on October 5, 2015. On

October 8, 2015, the PCRA court dismissed Appellant's petition. Appellant timely appealed.[2]

Appellant raises two questions for our review.

I.    Did the [PCRA c]ourt err in dismissing the instant [PCRA p]etition as untimely when the instant petition was filed within sixty (60) days of learning of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), thereby rendering his sentence unconstitutional and illegal?

II.   Did the [PCRA c]ourt err in dismissing the instant [PCRA p]etition by stating the [c]ourt lacked jurisdiction to consider the merits when the [PCRA c]ourt always retains jurisdiction to correct an illegal sentence and the inherent power to do so?

(Appellant's Brief, at 4) (underlining omitted).

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

---

[2] The court did not order Appellant to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on November 5, 2015 in which it relied on the reasons stated in its September 17, 2015 opinion in support of its decision. **See** Pa.R.A.P. 1925(a).

- 3 -

Here, the PCRA court found that Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar, thus depriving it of jurisdiction. (**See** Order, 9/17/15, at unnumbered pages 3-5). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on January 18, 2012, thirty days after his judgment of sentence was imposed and he failed to file an appeal in this Court. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date, or until January 18, 2013, to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on August 25, 2015, is untimely on its face, and we lack jurisdiction to consider its merits,

- 4 -

unless he pleads and proves the applicability of one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant is attempting to claim the applicability of the newly discovered facts exception. (*See* Appellant's Brief, at 8); *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, he argues that the United States Supreme Court's holding in *Alleyne* is a newly discovered fact, and that he timely filed his petition because he did so within sixty days of learning of the decision. (*See* Appellant's Brief, at 8). We disagree.

[A] claim of newly discovered evidence pursuant to section 9545(b)(1)(ii) . . .

> requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. Therefore, . . . the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

* * *

[However, o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980, 986 (2011) (holding, a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA; "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (same). . . .

**Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (some case citations omitted). Based on the foregoing, Appellant's claim that the decision in **Alleyne** is a newly discovered fact for purposes of the PCRA time-bar fails.[3] **See id.**

---

[3] We also observe that, in any event, "**Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Commonwealth v. Washington**, _____ A.3d _____, 2016 WL 3909088, at *8 (Pa. filed July 19, 2016).

Moreover, Appellant's allegation that he complied with the sixty–day requirement set forth in section 9545(b)(2) also fails where he filed his petition over two years after the decision in **Alleyne**. (**See** Appellant's Brief, at 8); **see also Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) ("[T]he sixty-day period begins to run upon the date of the underlying judicial decision. Ignorance of the law does not excuse [an appellant's] failure to file his petition within the [sixty] days following the [court's] decision[.]") (citations and quotation marks omitted).

Hence, Appellant has failed to meet his burden of pleading and proving the applicability of an exception to the PCRA time-bar. **See Jones**, **supra** at 16-17; **Johnston**, **supra** at 1126. Therefore, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis that it lacked jurisdiction.[4] **See Henkel**, **supra** at 20.

Order affirmed.

---

[4] Although Appellant argues in his second issue that, because he challenges the legality of his sentence, the PCRA court retained jurisdiction, whether or not his petition was untimely, (**see** Appellant's Brief, at 4, 12-14), we observe: "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [C]ourt of jurisdiction over the claim. . . ." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). Therefore, Appellant's argument in this regard lacks merit.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016